**YU FENG LI, Petitioner,**

**v.**

Alberto R. GONZALES,[1] Respondent.

No. 05–5488–ag.

United States Court of Appeals,
Second Circuit.

Feb. 15, 2007.

Stuart Altman, New York, N.Y. (Liu Yu, New York, NY, on the brief), for Petitioner.

Stephen K. Sharpe, Assistant United States Attorney, Cheyenne, WY, for Matthew H. Mead, United States Attorney for the District of Wyoming, for Respondent.

PRESENT: Hon. B.D. PARKER, Hon. RICHARD C. WESLEY and Hon. PETER W. HALL, Circuit Judges.

## SUMMARY ORDER

Petitioner Yu Feng Li, a native and citizen of China, seeks review of an October 4, 2005 order of the BIA affirming the June 8, 2004 decision of Immigration Judge ("IJ") Alan A. Vomacka, denying petitioner's application for Convention Against Torture ("CAT") relief. *In re Yu Feng Li*, No. A 97 385 229 (B.I.A. October 4, 2005), *aff'g* No. A 97 385 229 (Immig. Ct. N.Y. City June 8, 2004). Familiarity with the relevant facts, the procedural history and the issues on appeal is presumed.

When the BIA issues an opinion that fully adopts the IJ's decision, this Court reviews the IJ's decision. *See, e.g., Chun Gao v. Gonzales*, 424 F.3d 122, 124 (2d Cir.2005); *Secaida–Rosales v. INS*, 331 F.3d 297, 305 (2d Cir.2003). This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 & n. 7 (2d Cir.2004).

Li argues to this Court that she has met her burden of establishing that she has a well-founded fear of persecution because her fear is subjectively genuine and objectively reasonable. However, this Court does not have jurisdiction to consider Li's asylum and withholding of removal claims since she withdrew her claims for these forms of relief before the IJ. A petitioner must raise issues to the agency in order to preserve them for judicial review. *See* 8 U.S.C. § 1252(d)(1); *Ivanishvili v. U.S. Dep't of Justice*, 433 F.3d 332, 343 (2d Cir.2006). In addition, Li has not meaningfully challenged the IJ's denial of her CAT claim in her brief to this Court; therefore, it is considered waived. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 542 n. 1, 546 n. 7 (2d Cir.2005) (issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal).

Finally, we may not review Li's assertion that her due process rights were violated by the IJ's alleged prejudgment of her asylum claim because Li failed to exhaust this argument before the BIA pursuant to 8 U.S.C § 1252(d)(1). *See Ivanishvili*, 433 F.3d at 343. While "the BIA does not have jurisdiction to adjudicate constitutional issues," *United Sates v. Gonzalez–Roque*, 301 F.3d 39, 48 (2d Cir.2002) (internal quotation marks omitted), the BIA can adjudicate underlying issues to ensure

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as the respondent in this case.

**54**

fairness of process. *See Theodoropoulos v. INS*, 358 F.3d 162, 172 (2d Cir.2004) (noting appeal to BIA regarding constitutional claim that statute was impermissibly retroactive when applied to petitioner would have allowed BIA to affirm or deny whether the IJ properly interpreted statute's repeal to apply to the petitioner, even though claim was of constitutional dimension). Here, the BIA had the authority to address the error of which Li complained, and, thus, the claim does not fit within the "limited exception to statutory exhaustion requirements" that applies only where an agency "lacks authority to provide any relief or to take any action whatsoever in response to a complaint." *Beharry v. Ashcroft*, 329 F.3d 51, 59 (2d Cir.2003) (citing *Booth v. Churner*, 532 U.S. 731, 736, 121 S.Ct. 1819, 149 L.Ed.2d 958 (2001)). Accordingly, that claim is denied.

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).